# EXHIBIT A

| | | |
|---|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | | **SUM-100** |
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> Bucephalus Alternative Energy Group, LLC, a limited liability company; and Does 1 through 10 | | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* <br><br> ENDORSED <br> 2008 AUG 13  P 4: 08 <br> David H. Yamasaki, Chief Executive Officer/Clerk of the Superior Court, County of Santa Clara, California <br> By _____Wendel_____ Deputy Clerk |
| **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> Annie Chan, an individual | | |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court <br> 191 N. First St. <br> San Jose, CA 95113 <br> Downtown Superior | **CASE NUMBER:** <br> *(Número del Caso):* <br> 108CV119974 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Caroline McIntyre, SBN 159005                                    (408) 297-6000
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA 95110

DATE:  AUG 1 3 2008     DAVID H. YAMASAKI          Clerk, by _____Wendel_____, Deputy
*(Fecha)*                Chief Executive Officer, Clerk           *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal Solutions Plus <br> Code of Civil Procedure §§ 412.20, 465 |

1  DANIEL J. BERGESON, SBN 105439, dbergeson@be-law.com
   CAROLINE McINTYRE, SBN 159005, cmcintyre@be-law.com
2  JULIA CHUNG, SBN 253358, jchung@be-law.com
   BERGESON, LLP
3  303 Almaden Boulevard, Suite 500
   San Jose, CA 95110-2712
4  Telephone: (408) 291-6200
   Facsimile: (408) 297-6000
5
   Attorneys for Plaintiff
6  ANNIE CHAN

7

8              SUPERIOR COURT STATE OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

                                                    1 0 8 C V 1 1 9 9 7 4
10

11 ANNIE CHAN, an individual,                    Case No. _____

12                      Plaintiff(s),            **COMPLAINT FOR BREACH OF ORAL
                                                 CONTRACT; PROMISSORY
13       vs.                                     ESTOPPEL; FRAUD; NEGLIGENT
                                                 MISREPRESENTATION; AND
14                                               CONVERSION**
   BUCEPHALUS ALTERNATIVE ENERGY
15 GROUP, LLC, a limited liability company; and  **DEMAND FOR JURY TRIAL**
   DOES 1 through 10,
16
                        Defendant(s).
17

ENDORSED
2008 AUG 13 P 4: 08

COMPLAINT FOR BREACH OF CONTRACT, ETC.

Plaintiff Annie Chan ("Plaintiff" or "Chan") complains and alleges against defendants Bucephalus Alternative Energy Group, LLC ("BAEG"), a limited liability company registered in Pennsylvania, and DOES 1-10, inclusive (collectively, "Defendants") as follows:

**PARTIES**

1. Plaintiff Chan is an individual who resides in Cupertino, California and does business in Santa Clara County.

2. Upon information and belief, defendant BAEG is a limited liability company registered in Pennsylvania with offices in Los Angeles, California, Philadelphia, Pennsylvania and New York, New York.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of those defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who, therefore, sues such defendants by these fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of each DOE defendant when such information has been ascertained. Plaintiff alleges on information and belief that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, abetted in some manner, or is otherwise responsible for, the acts and omissions alleged herein, and that each such DOE defendant is liable to Plaintiff for the relief sought herein.

4. Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, each of the defendants named herein was the agent and employee of each of the other defendants, and was acting within the course and scope of such agency and employment and with the knowledge and approval of each of the other defendants.

**JURISDICTION**

5. This Court has jurisdiction over this action because Plaintiff seeks damages in excess of $25,000.

6. This Court has personal jurisdiction over BAEG so as to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice because BAEG is a company that conducts business in California.

## FACTUAL BACKGROUND

7.  Upon information and belief, Charles C. Kim ("Kim") is a managing partner of BAEG. Kim is also a lead pastor of Journey Christian Fellowship Church located in Lakeview Terrace, California.

8.  Chan first met Kim when he visited her at the offices of KCR Development, LLC ("KCRD") in Cupertino, California. Kim had learned of Chan's interest in Christian mission work and wanted to discuss the mission work he was involved in.

9.  On or about May 19, 2008, Kim visited Chan at the offices of EDU Networks, in Seoul, Korea. During that meeting, Kim told Chan that there was an "excellent" investment opportunity that was "almost guaranteed" (the "Proposed Investment"). Kim claimed that BAEG had been in existence for some time and had been successful. According to Kim, all of the preferred Class A shares of BAEG had already been committed to another investor. Kim also claimed that several well-known wealthy individuals in Korea were considering making an investment in BAEG, including the Chairman of KPMG, a Congressman, a large Korean security company, and a few other high net-worth individuals. Kim stated that he would introduce Chan to these individuals. At this time, Kim did not provide any written materials concerning the Proposed Investment.

10.  In order to induce Chan to invest in BAEG, Kim represented that if Chan wired $1 million to a BAEG account immediately, he would speak with his partners about trying to bring her in as a preferred Class A investor, even though all of the preferred Class A shares had already been committed to another investor. Because Chan had to return to California the next day and no written materials were given to her at the meeting, Kim also promised Chan that she would have 60 days to conduct due diligence and the money would be held in trust during that time. Kim further promised that if she decided to forego the Proposed Investment, her money would be returned to her upon request. Kim further stated that he would come to Cupertino, California and make a presentation on the Proposed Investment to Chan and her advisors.

11.  In reliance upon Kim's representations, on or about May 20, 2008, Chan attempted to wire $940,000 to a BAEG account. The bank informed her that they could not wire the money

on that day. Since Chan was returning to California, she executed a power of attorney to have an employee wire the money on May 23, 2008. Chan believed that she could trust Kim because Kim is a pastor and the brother-in-law of a senior pastor of a large Korean church.

12. In fact, Kim had no intention of giving Chan 60 days to conduct due diligence. Nor did he intend to return Chan's money if she decided to forego the Proposed Investment. Instead, Kim intended to take Chan's money and use it to set up the Bucephalus Alternative Energy Fund.

13. On or about May 30, 2008, Kim met with Chan's advisors, Edward Chan ("E. Chan"), Wayne Okubo ("Okubo") and Michelle Woo ("Woo"), at the offices of KCRD in Cupertino, California to present information on the Proposed Investment. Kim reiterated, a few times during the meeting, that Chan had a 60 day due diligence period for the Proposed Investment. Kim did not provide any written materials concerning the Proposed Investment.

14. On or about June 2, 2008, Kim emailed to E. Chan the following documents: (1) BAEG Investment Memorandum; (2) Bucephalus Global Brochure; and (3) NDA for BAEG. Kim also stated that Bucephalus Global (Alternative Investment Management) had several pending projects that he had briefly introduced to Chan.

15. On or about June 3, 2008, E. Chan requested a copy of the operating agreement for BAEG (the "Operating Agreement").

16. On or about June 4, 2008, Kim emailed E. Chan a copy of the BAEG Operating Agreement with the KCRD entity name. Kim stated that once KCRD signed the agreement, his partners would sign it and they would send him the investment stock certificate. The Operating Agreement provided that KCRD will purchase 3 1/3% of the Class A shares of BAEG. The Operating Agreement was never executed by Chan.

17. On or about June 16, 2008, Chan decided not to invest in the Proposed Investment. Woo emailed Kim stating that Chan was not going to invest in the Proposed Investment. Woo requested that Kim transfer the funds that were held in trust on behalf of Chan to Chan's account at Smith Barney and provided the wire transfer information.

18. On or about June 16, 2008, Kim responded to Woo's email stating that they were not ready for withdrawal of the funds and requested an in-person meeting to discuss the Proposed Investment.

19. On or about June 16, 2008, Okubo emailed Kim again requesting to have the funds transferred to Chan's account.

20. On or about June 18, 2008, Kim emailed Okubo and E. Chan requesting a telephone conference on June 19, 2008 with his partners, Bhavesh Singh ("Singh") and Wayne S. Morrison ("Morrison"). Okubo agreed to have a conference call. That call took place on June 19, 2008.

21. On the call, Okubo confirmed Chan's decision not to invest in the Proposed Investment. In response, Kim and his partners requested an in-person meeting. Okubo replied that he did not understand the need for a meeting and requested return of the money. Kim stated that he and his partners were meeting in San Francisco and could provide information to Okubo then.

22. On or about June 24, 2008, Chan and Okubo sent a letter to Kim reconfirming Chan's decision not to invest in the Proposed Investment within the 60 day due diligence period. Okubo wrote, "As [Chan's] declination of the investment was within the sixty (60) day due diligence period there should be no impact on the monies that are held in trust on behalf of Chan." Okubo and Chan once again requested the funds be transferred to Chan's account.

23. Subsequently, Kim contacted Chan directly to try to convince her to reconsider her decision. Kim told Chan that she was putting him in a "really bad position" with his partners and that she was making him "lose face."

24. On or about July 11, 2008 and July 18, 2008, Chan sent additional emails to Kim requesting him to return her money.

25. On or about July 23, 2008, Chan sent a second notice via certified mail to Kim demanding the monies that were held in trust on behalf of Chan be returned. Okubo also emailed a copy of the July 23, 2008 letter to Kim, Singh and Morrison.

26. On or about July 24, 2008, Kim emailed E. Chan requesting an in-person meeting in Los Angeles or New York in early August.

27. On or about July 24, 2008, Singh emailed E. Chan and Okubo and stated that he disagreed with Chan's contention in her July 23, 2008 letter that the funds were to be held in trust on behalf of Chan. Instead, Singh stated that "this was an investment from the outset." Singh requested an in-person meeting during the first week of August in New York or California to discuss the investment. E. Chan agreed to an in-person meeting.

28. On or about August 4, 2008, Chan attended a meeting with Kim, Singh and Morrison at the Ritz Carlton in Marina Del Rey, California. E. Chan, Okubo, Woo and Fred Chan, Chan's husband, also attended the meeting.

29. At the August 4, 2008 meeting, Chan reiterated that Kim promised to give her a 60 day due diligence period to decide whether to invest in the Proposed Investment. During that 60 day period, the money was to be held in trust by BAEG and returned if Chan decided not to invest in the Proposed Investment. Chan again requested immediate return of the money. Singh and Morrison declined to return the money. Morrison admitted that some of the money had been spent and that the balance was still in the account but was needed for other commitments.

## FIRST CAUSE OF ACTION
(Against All Defendants for Breach of Oral Contract)

30. Chan realleges and incorporates by reference paragraphs 1-29 above as though fully set forth herein.

31. On or about May 19, 2008, Kim, acting on behalf of BAEG, told Chan that there was an "excellent" investment opportunity that was "almost guaranteed." Kim claimed that BAEG had been in existence for some time and had been successful. According to Kim, all of the preferred Class A shares of BAEG had already been committed to another investor. Kim also claimed that several well-known wealthy individuals in Korea were considering making an investment in BAEG.

32. Kim promised Chan that if she immediately wired $1 million to a BAEG account, Kim would try to get her preferred Class A shares in BAEG, which were already committed to

- 5 -
COMPLAINT FOR BREACH OF CONTRACT, ETC.

another investor. Kim also promised that Chan would be given 60 days to conduct due diligence on the Proposed Investment and the money would be held in trust by BAEG during that period. Kim further promised that the money would be returned to Chan if she decided not to invest in the Proposed Investment within the 60 day due diligence period.

33.  Chan orally accepted Kim's offer and caused $940,000 to be wired to a BAEG account to be held in trust by BAEG during the 60 day due diligence period.

34.  After conducting due diligence, Chan decided not to invest in the Proposed Investment. Chan notified Kim of her decision prior to the end of the 60 day due diligence period and requested that the money held in trust by BAEG be returned.

35.  Despite repeated requests for the money to be returned, BAEG has declined to return the money. Chan has done everything she was obligated to do under the oral agreement with Kim, except that which has been prevented or excused as a result of the acts or omissions of BAEG.

36.  BAEG has breached the oral agreement by refusing to return the money. BAEG has further breached the oral agreement by spending part of the money which was supposed to be held in trust by BAEG.

37.  As a result of BAEG's breach of the oral agreement, Chan has been damaged in an amount, the precise sum of which is presently unknown and will be subject to proof at trial, but which in no event is less than the jurisdictional minimum of the Court.

## SECOND CAUSE OF ACTION
(Against All Defendants for Promissory Estoppel)

38.  Chan realleges and incorporates by reference paragraphs 1-29 above as though fully set forth herein.

39.  On or about May 19, 2008, Kim, on behalf of BAEG, promised Chan that if she immediately wired $1 million to a BAEG account, Chan would be given 60 days to conduct due diligence on the Proposed Investment and the money would be held in trust by BAEG during that period. Kim also promised that the money would be returned to Chan if she decided not to invest in the Proposed Investment.

40. In reliance on Kim's promises, Chan caused $940,000 to be wired to a BAEG account.

41. The reliance by Chan on Kim's promises was reasonable.

42. In July 2008, BAEG reneged on Kim's promises when it declined to return the money held in trust after Chan notified BAEG within the 60 day due diligence period of her decision not to invest in the Proposed Investment. BAEG further reneged on Kim's promises that the money would be held in trust by BAEG by spending part of the money.

43. As a result of BAEG's breach of the promises made by Kim, on behalf of BAEG, Chan has been damaged in an amount, the precise sum of which is presently unknown and will be subject to proof at trial, but which in no event is less than the jurisdictional minimum of the Court.

### THIRD CAUSE OF ACTION
(Against All Defendants for Fraud)

44. Chan realleges and incorporates by reference paragraphs 1-29 above as though fully set forth herein.

45. In a scheme to take Chan's money and use it to set up the Bucephalus Alternative Energy Fund, Kim made a number of misrepresentations on behalf of BAEG. In particular, Kim represented that if Chan immediately wired $1 million to a BAEG account, Chan would be given 60 days to conduct due diligence on the Proposed Investment in BAEG and that the money would be held in trust by BAEG during that period. Kim also represented that the money would be returned to Chan if she decided not to invest in the Proposed Investment.

46. Kim's representations were material to Chan's decision to wire the money to a BAEG account. Chan would not have wired the money if she knew Kim's true intentions.

47. When Kim made these representations on behalf of BAEG, he knew they were false. In fact, at the time Kim made these representations, he had no intention of giving Chan 60 days to conduct due diligence. Nor did he intend to return Chan's money if she decided to forego the Proposed Investment.

48. When Kim made these representations, Chan was unaware of the falsity thereof, and believed them to be true. Chan reasonably relied on Kim's representations.

49. As a result of Chan's reliance on Kim's misrepresentations, Chan has been damaged in an amount, the precise sum of which is presently unknown and will be subject to proof at trial, but which in no event is less than the jurisdictional minimum of the Court.

50. The misrepresentations described above were made willfully, maliciously and fraudulently, with the intent of depriving Chan of her money, thereby justifying an award of punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
(Against All Defendants for Negligent Misrepresentation)

51. Chan realleges and incorporates by reference paragraphs 1-29 above as though fully set forth herein.

52. In order to induce Chan to wire $1 million to a BAEG account, Kim represented, on behalf of BAEG, that Chan would be given 60 days to conduct due diligence on the Proposed Investment in BAEG and that the money would be held in trust by BAEG during that period. Kim also represented that the money would be returned to Chan if she decided not to invest in the Proposed Investment.

53. When Kim made these representations on behalf of BAEG, he had no reasonable ground for believing the representations were true. In fact, Kim had no intention of giving Chan 60 days to conduct due diligence. Nor did he intend to return Chan's money if she decided to forego the Proposed Investment.

54. When Kim made these representations, Chan was unaware of the falsity thereof, and believed them to be true. Chan reasonably relied on Kim's representations.

55. As a result of Chan's reliance on Kim's negligent misrepresentations, Chan has been damaged in an amount, the precise sum of which is presently unknown and will be subject to proof at trial, but which in no event is less than the jurisdictional minimum of the Court.

## FIFTH CAUSE OF ACTION
(Against All Defendants for Conversion)

56. Chan realleges and incorporates by reference paragraphs 1- 29 above as though fully set forth herein.

57. At all times herein mentioned, Chan was and continues to be entitled to possession of the money which was wired to the BAEG account to be held in trust by BAEG.

58. By declining to return the money held in trust by BAEG, BAEG has improperly retained $940,000 belonging to Chan.

59. In addition, BAEG has wrongfully spent a part of the money for its own use and benefit.

60. As a proximate result of BAEG's conversion, Chan has been damaged in an amount, the precise sum of which is presently unknown and will be subject to proof at trial, but which in no event is less than the jurisdictional minimum of the Court.

## PRAYER

WHEREFORE, Plaintiff Annie Chan prays for relief as follows:

    a. For compensatory damages according to proof, but in no event less than $940,000.00;

    b. For punitive and/or exemplary damages in an amount to be determined at trial;

    c. For an award of reasonable attorneys' fees and costs; and

    d. For such other and further relief as the Court deems just and proper.

Dated: August 13, 2008

BERGESON, LLP

By: *Caroline McIntyre* (signature)
Caroline McIntyre
Attorney for Plaintiff
ANNIE CHAN

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Caroline McIntyre, SBN 159005<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110<br>TELEPHONE NO.: (408)291-6200  FAX NO.: (408)297-6000<br>ATTORNEY FOR (Name): Annie Chan | D. Wendel<br>ENDORSED<br>2008 AUG 13 P 4: 08<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By_____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior

CASE NAME: Annie Chan v. Bucephalis Alternative Energy Group, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 108CV119974<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Breach of Oral Contract; Promissory Estoppel; Fraud; Negligent Misrepresentation; and Conversion
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 13, 2008

Caroline McIntyre, _____  ► _____
        (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                    Page 2 of 2

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **108CV119974**

ATTACHMENT CV-5012

| PLEASE READ THIS ENTIRE FORM |

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must have an adult other than yourself personally deliver or mail a copy of your written response to Plaintiff's attorney, or to Plaintiff if Plaintiff has no attorney; and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Honorable Neal A. Cabrinha**    Department: **10**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: _____  Time: **3:45pm**  in Department: **10**
The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) JAN - 6 2009
  Date: _____  Time: _____  in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/08

**CIVIL LAWSUIT NOTICE**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
  < The action is for personal injury, property damage, or breach of contract
  < Only monetary damages are sought
  < Witness testimony, under oath, needs to be evaluated
  < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
  < The parties have complex facts to review
  < The case involves multiple parties and problems
  < The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court           Santa Clara County DRPA Coordinator
ADR Administrator                           408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 6/08