# EXHIBIT B

DANIEL J. BERGESON, SBN 105439, dbergeson@be-law.com
CAROLINE McINTYRE, SBN 159005, cmcintyre@be-law.com
JULIA CHUNG, SBN 253358, jchung@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff
ANNIE CHAN

SUPERIOR COURT STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ANNIE CHAN, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>BUCEPHALUS ALTERNATIVE ENERGY GROUP LLC, a limited liability company; and DOES 1 through 10,<br><br>Defendant(s). | Case No. 108CV119974<br><br>**PLAINTIFF'S DEMAND FOR INSPECTION OF DOCUMENTS TO DEFENDANTS**<br><br>Complaint Filed: August 13, 2008<br>Trial Date: Not Set |

PROPOUNDING PARTY:   PLAINTIFF, ANNIE CHAN

RESPONDING PARTY:   DEFENDANT, BUCEPHALUS ALTERNATIVE ENERGY GROUP LLC

SET NUMBER:   ONE (1)

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

Pursuant to California Code of Civil Procedure Sections 2031.010 *et seq.* and 2031.210 *et seq.*, Plaintiff ANNIE CHAN ("PLAINTIFF") hereby demands that, on October 22, 2008 at 9:00 a.m., at the offices of Bergeson, LLP, 303 Almaden Boulevard, Suite 500, San Jose, CA 95110, Defendant BUCEPHALUS ALTERNATIVE ENERGY GROUP LLC ("DEFENDANT") produce for inspection and photocopying the originals, or, if the originals are unavailable, copies of the documents and materials described in this Demand For Inspection And Production Of Documents (the "DEMAND"), which documents and materials are in the possession, custody and control of DEFENDANT or any of its present or former officers, members, employees, joint venturers, agents, partners or representatives, including, but not limited to, its attorneys.

## I. DEFINITIONS

Without limiting the scope of the California Code of Civil Procedure, the following definitions and instructions shall also apply to this DEMAND:

1. "YOU," "YOUR," "BAEG," and "DEFENDANT" shall refer to defendant Bucephalus Alternative Energy Group, LLC, and to each of its agents, representatives, and to all other persons who, with respect to the subject matters of the individual categories of the DEMAND, YOU believe are or were acting on its behalf or under its direction or control.

2. "CHAN" and "PLAINTIFF" shall refer to plaintiff Annie Chan, as an individual, and to each of her agents, representatives, and to all other PERSONS who, with respect to the subject matters of the individual categories of the DEMAND, YOU believe are or were acting on her behalf or under her direction or control.

3. "KIM" shall refer to Charles Kim, as an individual, and to each of his agents, representatives, and to all other PERSONS who, with respect to the subject matters of the individual categories of the DEMAND, YOU believe are or were acting on his behalf or under his direction or control.

4. The term "PROPOSED INVESTMENT" shall refer to the investment opportunity in BAEG proposed by KIM on or about May 19, 2008, referenced in paragraphs 9-29 of the

1  Complaint, whereby Chan would receive preferred Class A shares in BAEG in exchange for a
2  $1,000,000 investment.
3      5.    "PERSON(S)" shall mean and include a natural person or persons, a group of
4  natural persons acting as individuals, a group of natural persons acting in a collegial capacity (*e.g.*,
5  as a committee, board of directors, etc.), an association, corporation, partnership, joint venture,
6  and any other incorporated or unincorporated business, enterprise, or entity, unless otherwise
7  limited herein.
8      6.    "ALL" shall mean all and each, and "EACH" means all and each.
9      7.    "RELATE(S) TO" and "RELATING TO" shall both mean referring to, stating,
10 describing, recording, contradicting, embodying, memorializing, mentioning, studying, analyzing,
11 discussing, commenting on, specifying, listing, summarizing, reviewing, or identifying.
12     8.    "DOCUMENTS" shall mean all handwritten, printed, graphic, typed, electronically
13 recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of
14 every type and description, however and by whomever prepared, produced, reproduced,
15 disseminated, assimilated, or made in any form that is or was in you actual or constructive
16 possession, custody, or control, whether the original, draft, carbon, photographic, or other copy,
17 reproduction, or facsimile thereof, including, but not limited to, any and all records, files, writings,
18 letters, minutes, correspondence, advertisements, publications, mailgrams, telegrams, bulletins,
19 instructions, resolutions, charts, literature, work assignments, reports, brochures, memoranda,
20 notations of telephone or personal conversations or conferences, telephone messages, transcripts,
21 price lists, contracts, agreements, checks, canceled checks, interoffice communications, calendars,
22 daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, microfiche, circulars,
23 pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs,
24 data sheets, data compilations, computer data sheets, computer data compilations, worksheets,
25 records, statistics, speeches, and any other writings, tapes, sound records, or data compilations
26 from which information can be obtained or can be translated through detection devices into
27 reasonably useable form, and any other document, recording, tangible thing, or photograph, as
28 well as any "writing" within the scope of California Evidence Code section 250.  The term

"DOCUMENT(S)" shall also mean each copy which is not identical to the original, or to any other identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such document(s), whether used or not.

9. "COMMUNICATION(S)" shall refer to any transfer of information, whether oral, written, or by any other means.

10. The use of the singular form of any word includes the plural, and the use of any plural form includes the singular.

11. Whenever reference is made or information is sought with respect to an entity such as a corporation or partnership that can act only through individual agents, reference to the acts of such entity is intended to include all acts taken by its agents, officers, employees and shareholders who have or claim to have authority to act on behalf of such entity. Any reference to any corporation, partnership, or other entity, shall be deemed to be a reference to such corporation, partnership, or other entity, and the officers, employees, directors, attorneys, agents, or other representatives of such corporation, partnership, or other entity. Whenever reference is made herein to any act by a PERSON, such reference is intended to, and does, include reference to any act or conduct performed by such PERSON's agents, employees, and/or representative unless a contrary intention is expressed.

## II. INSTRUCTIONS

1. ALL DOCUMENTS requested shall be produced in the same file or other organizational environment in which they are kept in the usual course of business.

2. No document category specified herein is intended to, nor shall, supersede, exclude, or restrict the scope of any other category.

3. If DEFENDANT believes that any of the requests herein call for an assertion of a claim of privilege, DEFENDANT is required to prepare a list of withheld DOCUMENTS ("privilege log") listing the following information for EACH DOCUMENT or part thereof withheld on such a basis:

   a. The title or general subject matter of EACH DOCUMENT;
   b. The type of DOCUMENT (*e.g.*, letter, memorandum, note, report, etc.);

  c. The date of the DOCUMENT;

  d. The name of the author of the DOCUMENT;

  e. The PERSON(S) for whom the DOCUMENT was prepared, to whom it was sent or who received copies;

  f. The nature and the basis for the claim of privilege; and

  g. Sufficient additional information about the DOCUMENT as is necessary to justify the assertion of the privilege.

4. If, for reasons other than privilege, DEFENDANT refuses to produce DOCUMENTS or withholds DOCUMENTS sought in any DEMAND, DEFENDANT is requested to state the grounds upon which the refusal is based with specificity to permit a determination of the propriety of such refusal.

### III. DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS RELATING TO the PROPOSED INVESTMENT.

2. ALL DOCUMENTS RELATING TO both CHAN and BAEG.

3. ALL DOCUMENTS RELATING TO the meetings between KIM and CHAN on or about May 19, 2008 and May 20, 2008 in Seoul, Korea, including, but not limited to, all notes taken or made at the meetings or thereafter, and any DOCUMENTS provided at the meetings.

4. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between KIM, Bhavesh Singh and/or Wayne S. Morrison regarding the PROPOSED INVESTMENT in BAEG.

5. ALL DOCUMENTS RELATING TO CHAN'S wire transfer on or about May 23, 2008 to BAEG's account at Bank of America, account number 3830 0180 9561, located at 250 East Lancaster Avenue, Wynnewood, Pennsylvania 19096, including, but not limited to, bank statements and wire transfer confirmations.

6. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between KIM, Bhavesh Singh and/or Wayne S. Morrison regarding the $940,000 wired from CHAN's account at HSBC, in Seoul, Korea, to BAEG's account at Bank of America, in Wynnewood, Pennsylvania, including, but not limited to, notes, memoranda, meeting minutes or correspondence.

7. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between KIM, Bhavesh Singh and/or Wayne S. Morrison regarding the efforts to provide CHAN with preferred shares in BAEG, including, but not limited to, notes, memoranda, meeting minutes or correspondence.

8. ALL capitalization tables for BAEG preferred and common stock for the period January 1, 2008 to the present.

9. ALL DOCUMENTS RELATING TO any agreements, oral or written, between CHAN and BAEG or KIM.

10. ALL DOCUMENTS RELATING TO any agreements, oral or written, between KCR Development and BAEG or KIM.

11. ALL DOCUMENTS RELATING TO a May 20, 2008 meeting between KIM and Edward Chan, Wayne Okubo, and Michelle Woo at the offices of KCR Development in Cupertino, California.

12. ALL DOCUMENTS provided by BAEG or KIM to CHAN, Edward Chan, Wayne Okubo or Michelle Woo regarding the PROPOSED INVESTMENT.

13. ALL DOCUMENTS RELATING TO a June 19, 2008 telephone conference between KIM, Bhavesh Singh, Wayne S. Morrison and Wayne Okubo.

14. ALL DOCUMENTS RELATING TO the draft operating agreement for BAEG identifying KCR Development as a Class A member of BAEG.

15. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between CHAN and KIM, Bhavesh Singh and/or Wayne S. Morrison, including, but not limited to, notes, memoranda, correspondence, or e-mail.

16. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between Michelle Woo and KIM, Bhavesh Singh and/or Wayne S. Morrison, including, but not limited to, notes, memoranda, correspondence, or e-mail.

17. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between Edward Chan and KIM, Bhavesh Singh and/or Wayne S. Morrison, including, but not limited to, notes, memoranda, correspondence, or e-mail.

18. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between Wayne Okubo and KIM, Bhavesh Singh and/or Wayne S. Morrison, including, but not limited to, notes, memoranda, correspondence, or e-mail.

19. ALL DOCUMENTS RELATING TO any COMMUNICATIONS between KIM, Bhavesh Singh, and/or Wayne Morrison re: CHAN's request for the return of the $940,000 wired from CHAN's account at HSBC to BAEG's account at Bank of America, including, but not limited to, notes, meeting minutes, memoranda, correspondence or e-mail.

20. ALL DOCUMENTS RELATING TO the August 4, 2008 meeting between CHAN, Edward Chan, Wayne Okubo, Michelle Woo, Fred Chan and KIM, Bhavesh Singh, and Wayne S. Morrison, including, but not limited to, all notes taken or made at the meeting or thereafter by KIM, Bhavesh Singh and/or Wayne S. Morrison.

Dated: September 17, 2008

BERGESON, LLP

By: *Caroline McIntyre*
Caroline McIntyre

Attorneys for Plaintiff
ANNIE CHAN

# PROOF OF SERVICE

I declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On September 17, 2008, I served the within:

**PLAINTIFF'S DEMAND FOR INSPECTION OF DOCUMENTS TO DEFENDANT**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

__X__   BY MAIL: I caused such envelope to be deposited in the mail at San Jose, California. I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this day. C.C.P. Section 1013(a).

| Bucephalus Alternative Energy Group<br>c/o Charles Kim<br>3550 Wilshire Blvd., Suite 1736<br>Los Angeles, CA 90010 | Bruce E. Baldinger, Esq.<br>Law Offices of Bruce E. Baldinger, LLC<br>991 Route 22 West, Suite 102<br>Bridgewater, NJ 08807 |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 17, 2008, at San Jose, California.

_____
Shauna Walker